# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### HUNTINGTON

**TERESA MILLER,**

    **Petitioner,**

v.                                                           **Case No. 3:16-cv-05179**

**LAURA NOHE, Warden,**
**Lakin Correctional Center,**

    **Respondent.**

_____

**TERESA MILLER,**

    **Petitioner,**

v.                                                           **Case No. 3:16-cv-05251**

**LAURA NOHE, Warden,**
**Lakin Correctional Center,**

    **Respondent.**

## **O R D E R**

The plaintiff, Teresa Miller, filed the following motions in each of the above-styled matters: a Motion to Amend Relief (Case No. 3:16-cv-05179, ECF No. 9; Case No. 3:16-cv-05251, ECF No. 14); a Motion to Demand Jury Trial (Case No. 3:16-cv-05179, ECF No. 10; Case No. 3:16-cv-05251, ECF No. 15); a Motion to Transfer to Another Division or Circuit (Case No. 3:16-cv-05179, ECF No. 11; Case No. 3:16-cv-05251, ECF No. 16); and a Motion for Change of Venue (Case No. 3:16-cv-05179, ECF No. 12; Case No. 3:16-cv-05251, ECF No. 17). The undersigned will address each set of motions in turn.

## ANALYSIS

### A. Miller's Motions to Amend and Motions for Jury Trial.

In the instant proceedings, Miller filed petitions for a writ of habeas corpus seeking her release from custody at the Lakin Correctional Center to probation. She was ultimately granted such relief by the Circuit Court of Monongalia County, her court of conviction. Thus, her claims for habeas corpus relief in both of these matters are moot.

On March 13, 2017, Miller filed a Motion to Amend Relief in both of these civil actions, seeking to add a claim for monetary damages in the amount of $2 million against "the court"[1] for an alleged violation of West Virginia Code § 62-12-10, governing procedures for probation violations. (Case No. 3:16-cv-05179, ECF No. 9; Case No. 3:16-cv-05251, ECF No. 14). However, Miller cannot seek monetary damages in a habeas corpus proceeding, which is brought against the custodian of the facility in which she was incarcerated seeking release from confinement. Furthermore, Miller's now former custodian, Lisa Nohe, the respondent herein, was not the person who revoked her probation.

Finally, Miller already has two separate civil rights suits pending in this court against a number of defendants involved in her criminal and collateral relief proceedings, including Judge Gaujot, which seek monetary damages for claims related to her revocation proceedings. (Case Nos. 2:17-cv-03951 and 2:17-cv-04130). For these reasons, Miller's requested amendments herein would be futile. Therefore, it is hereby **ORDERED** that her Motions to Amend Relief (Case No. 3:16-cv-05179, ECF No. 9; Case No. 3:16-cv-05251, ECF No. 14) are **DENIED**.

---

1 By Miller's use of the term "the court," the undersigned presumes that she means Judge Phillip Gaujot, Circuit Judge of the Circuit Court of Monongalia County, who is the judge who presided over her criminal proceedings and revoked her probation.

Similarly, there is no right to a jury trial in a habeas corpus matter, and to the extent that Miller is seeking a jury trial on any claim for monetary damages that may be cognizable in a civil rights complaint under 42 U.S.C. § 1983, Miller may be able to pursue such relief in her companion civil rights actions. Accordingly, Miller's Motions for a Jury Trial (Case No. 3:16-cv-05179, ECF No. 10; Case No. 3:16-cv-05251, ECF No. 15) are also **DENIED**.

B. **Miller's Motions for Transfer or Change of Venue.**

In both of these habeas corpus proceedings, as well as in Miller's civil rights cases which are pending before another District Judge of this court, Miller has requested that a change of venue be granted and that these matters be transferred to another "division or circuit" because her prior cases have been dismissed. Miller's motions reference her cases filed in the Northern and Southern Districts of West Virginia, the Supreme Court of Appeals of West Virginia (the "SCAWV"), the United States Court of Appeals for the Fourth Circuit ("the Fourth Circuit"), and the United States Supreme Court.

As noted in the accompanying Proposed Findings and Recommendation in these matters, on January 19, 2016, Miller filed a pro se original jurisdiction habeas corpus petition in the SCAWV (No. 16-0034). That petition was ultimately dismissed, without prejudice, because Miller had counsel appointed by the Circuit Court of Monongalia County to file a habeas corpus petition on her behalf. Miller separately appealed the January 14, 2016 order entered by Judge Gaujot revoking her probation (No. 16-0235), which was dismissed by the SCAWV on April 19, 2017, upon motion of Miller's court-appointed counsel (and over Miller's objection), after she was discharged from probation. She subsequently filed a Petition for a Writ of Certiorari in the United States Supreme Court, which was denied on November 13, 2017. *Miller v. State of W. Va.*, No.

17-5849, 138 S. Ct. 449 (Nov. 13, 2017), *reh'g denied*, 138 S. Ct. 730 (Nov. 22, 2017).

Miller also filed a federal habeas corpus petition under 28 U.S.C. § 2254 on February 1, 2014 in the United States District Court for the Northern District of West Virginia ("NDWV") (*Miller v. State of W. Va.*, No. 2:16-cv-00007-JPB-RWT). That matter was dismissed without prejudice on July 12, 2016, because Miller had not exhausted her state court remedies. *Miller v. State of W. Va.*, No. 2:16-cv-00007-JPB-RWT, 2016 WL 3824858 (July 12, 2016). Miller's subsequent appeal of that decision was dismissed by the Fourth Circuit on November 22, 2016. (*Miller v. State of W. Va.*, No. 16-6995, 670 F. App'x 825 (Nov. 22, 2016). The Fourth Circuit also denied Miller's petition for rehearing on January 3, 2017, and a mandate issued on January 11, 2017.

While those matters were pending, Miller also filed a civil rights complaint in the United States District Court for the Southern District of West Virginia ("SDWV") concerning her conditions of confinement at the Lakin Correctional Center (Case No. 3:16-cv-04225), which was assigned to the presiding District Judge herein, Judge Robert C. Chambers, and referred to another United States Magistrate Judge, Judge Cheryl A. Eifert. On March 16, 2017, Judge Eifert filed a Proposed Findings and Recommendation ("PF&R") recommending that the civil rights complaint be dismissed for various reasons, including the mootness of Miller's claims for declaratory and injunctive relief, due to her release from Lakin. *Miller v. W. Va. Div. of Corr.*, No. 3:16-cv-04225, 2017 WL 1294005 (Mar. 16, 2017). On April 5, 2017, Judge Chambers adopted the PF&R and dismissed that complaint. *Miller v. W. Va. Div. of Corr.*, No. 3:16-cv-04225, 2017 WL 1317061 (Apr. 5, 2017). Miller's appeal of the dismissal of her civil rights complaint was dismissed by the Fourth Circuit on August 22, 2017. *Miller v. W. Va. Div. of Corr.*, 696 F. App'x 115 (Aug.

22, 2017), *cert. denied*, 138 S. Ct. 723 (Jan. 8, 2018), *reh'g denied*, 2018 WL 1037668 (Feb. 26, 2018).

Miller also filed two separate civil rights complaints in the NDWV against the courts and individuals involved in her criminal and post-conviction proceedings. The first Complaint (docketed in the NDWV as Case No. 2:16-cv-00050) named the following defendants: Monongalia County Circuit Court, Judge Phillip Gaujot, Steven Fitz, DeAndra Burton, Edward Rollo, Michael Pennington, Ashley Hunt, Michael Parmer, the West Virginia Supreme Court of Appeals, Robert W. Trumble, the United States District Court for the Northern District of West Virginia, and the United States Court of Appeals for the Fourth Circuit. The Second Complaint (docketed in the NDWV as Case No. 1:17-cv-00128), named the following defendants: Phillip D. Gaujot, Edmund Rollo, Stephen Fitz, Ms. DeChristopher, Lesa Reidman/Barret, Lance Kurtza, and the West Virginia Parole Board.

Because Miller's first NDWV civil rights Complaint named the United States District Court for the Northern District of West Virginia as a defendant therein, that court determined that both matters should be transferred to the SDWV for consideration, due to a perceived conflict of interest. Both of those matters, which remain pending, are assigned to the Honorable John T. Copenhaver, United States District Judge of this court, and both are referred to the undersigned United States Magistrate Judge. (Case No. 2:17-cv-03951; Case No. 2:17-cv-04130).

However, Miller also subsequently filed two other civil rights complaints in the NDWV in which she sued the United States District Court for the Southern District of West Virginia and the United States Court of Appeals for the Fourth Circuit (Case Nos. 2:17-cv-00132 and 2:17-cv-00137). These cases appear to have arisen out of the dismissal of Case No. 3:16-cv-04225 by

5

Judge Chambers and the dismissal of the appeal therefrom. However, both of those matters were dismissed by Judge John Preston Bailey of the United States District Court for the Northern District of West Virginia, based upon the sovereign immunity of the United States Courts named as defendants therein. Miller has appealed the dismissal of those cases and her appellate proceedings are pending before the Fourth Circuit. (Nos. 17-7596 and 17-7957).

Miller's instant motions contend that these habeas corpus matters should be transferred to "another division or circuit" "[b]ased on previous suits being filed and the manner of which they were dismissed." Miller cites to 28 U.S.C. § 455,[2] which provides in pertinent part, that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Subsection (b) also mandates disqualification where a judge "has a personal bias or prejudice concerning a party. . . ." 28 U.S.C. § 455(b)(1). The standard for determining disqualification is "whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances." *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998); *Aiken Cty. v. BSP Div. of Envirotech Corp.*, 866 F.2d 661, 679 (4th Cir. 1989). This is an objective standard and recusal under section 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1025 (7th Cir. 2000) (concluding that a reasonable person would not be convinced of bias based on judicial rulings alone). The plaintiff bears the burden of proving facts that justify recusal. *DeNardo v. Mun. of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992).

---

2 Miller also cites to "Rule 21." However, she does not identify any set of rules in which Rule 21 may be found and the undersigned is unaware of any Rule 21 that would be applicable in the instant context.

In accordance with the provisions of 28 U.S.C. §§ 455(a) and (b)(1), Miller has not demonstrated any compelling evidence demonstrating a personal bias or prejudice by the judges of this court against her or any reason that could objectively permit someone to reasonably question the impartiality of this court. Rather, Miller simply relies upon the fact that prior judicial rulings have been rendered against her, which have not been called into doubt on appeal. Moreover, in light of Miller's release from custody, which is the relief she was seeking in these habeas corpus proceedings, her claims are moot and no other court would have jurisdiction to further consider these matters.

Accordingly, it is hereby **ORDERED** that Miller's Motions to Transfer to Another Division or Court (Case No. 3:16-cv-05179, ECF No. 11; Case No. 3:16-cv-05251, ECF No. 16) and her Motions for Change of Venue (Case No. 3:16-cv-05179, ECF No. 12; Case No. 3:16-cv-05251, ECF No. 17) are **DENIED**.

The Clerk is directed to mail a copy of this Order to the petitioner.

ENTER: March 27, 2018

Dwane L. Tinsley
United States Magistrate Judge